IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| K. DAVID WILLIAMS and<br>FATIMA K. WILLIAMS,<br><br>　　　　Plaintiffs,<br><br>VS.<br><br>TOYOTA MOTOR CORPORATION, LTD.;<br>TOYOTA TECHNICAL CENTER, U.S.A, INC.<br>TOYOTA MOTOR ENGINEERING &<br>MANUFACTURING NORTH AMERICA, INC.;<br>AND TOYOTA MOTOR SALES, U.S.A., INC.<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO.<br><br>2-07CV-442-TJW<br><br>JURY DEMANDED |

**PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. GARY FOWLER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

　　　　Plaintiffs' file this their Motion To Exclude Expert Testimony Of Dr. Gary Fowler and would show the Court as follows:

**BACKGROUND**

　　　　1.　　Plaintiffs allege that the driver's seat in David William's 1998 Toyota 4Runner failed rearward when his vehicle was rear-ended at a stop light resulting in Mr. Williams being ejected into the rear seat area and suffered paralyzing injuries. Dr. Fowler was designated by Toyota to testify "regarding metallurgical analysis and the performance of the 4Runner's driver's seat during the accident."[1] His opinions are not relevant. Nor are they based on reliable methodology. Finally, his visual observations of the post-crash condition of the 4Runner are cumulative of those offered by other Toyota experts. Therefore, his testimony should be

---

[1] Exh. A: TMC's Second Supplemental Initial Disclosure And Designation of Expert Witnesses, p. 4-5

excluded.

## STANDARD OF REVIEW

2.      A motion seeking to exclude expert testimony under Rule 702 essentially consists of three inquiries.  First, is the expert qualified to express the opinion?  Second, is the opinion relevant, *i.e.* will it help the jury to understand the evidence or to determine a fact in issue?  Finally, is the opinion reliable, *i.e.* is the reasoning or methodology underlying the expert's proffered opinion supported by adequate validation to render it trustworthy?  *See* Fed. R. Evid. 702.  The party offering the challenged witness has the burden of establishing that they meet the three pronged requirements of Rule 702 once they have been sufficiently called into question.

## DISCUSSION

3.      The text of Dr. Fowler's report is extremely short, a scant two pages of text.[2]  Most of it is devoted to describing the same visual damage to the vehicle and driver's seat structure as has every other Toyota liability expert.  In that regard, his non-metallurgical visual observations of the overall damage are merely cumulative of the expected testimony of other Toyota experts.

4.      Dr. Fowler's report does, however, offer one metallurgical-type opinion in the last two sentences of the following excerpt[3] from his report:

> and inboard recliner mechanisms, respectively. Depending on the seatback position, some of the engaging teeth in the sector can be examined. Some of the sector teeth for the outboard recliner were damaged. The teeth exhibited deformation, smeared metal and cracks. The damage indicates that sufficient force was placed on the seatback during the collision to cause rearward deformation of the steel seatback frame and overload damage to the sector teeth. Teeth on the sector for the inboard recliner were not easily examined due to the inability to release the recliner mechanism. The pawl and sector are manufactured from hardened steel plate, which is a typical recliner material. There was not any indication of a manufacturing or metallurgical defect.

6.      Dr. Fowler's statements that the recliner mechanism is made from hardened steel

---

[2] Exh. B:  Report of Dr. Gary Fowler

plate, or that hardened steel plate is a typical recliner material, are made without supplying any basis. There is no indication of what he reviewed or considered, if anything, other than the vehicle itself, that permits him to reach these conclusions with regard to either the design of the subject Toyota 4Runner recliner or recliner designs in general. Nor does he explain what constitutes "hardened steel plate" so that the implications of such a statement can be appreciated and evaluated scientifically.

7. Similarly, Dr. Fowler offers no basis for the last sentence: that there is no indication of a manufacturing or metallurgical defect present in the recliner mechanism. The statement stands completely alone without any explanation of how Dr. Fowler reached this conclusion. But based on the limited content of his report, it appears to be Dr. Fowler's subjective opinion.

8. Dr. Fowler did not describe the underlying reasoning or methodology used to arrive at the above conclusion. He offers nothing that would help establish the reliability of his methodology (and hence his conclusion). Using the many Daubert factors given the courts by the United States Supreme Court, what is known is that Dr. Fowler makes no mention in his report of: 1) any calculations; 2) any testing; 3) any peer-reviewed literature; 4) any statistical analysis; 5) whether his approach, whatever it was, involves the use of a widely accepted methodology; or 6) whether his approach has found uses in non-judicial settings.

9. The "Conclusions" section of the report, which would normally be considered where an expert would state their ultimate opinions, is absent of anything that could be fairly characterized as a "metallurgical" opinion per se:

---

[3] Exh. B: Report of Dr. Gary Fowler, p. 2

> *Conclusions*
>
> Impact to the rear of the Toyota 4Runner caused occupant loading on the driver's seat structure. The impact damage was more severe on left side than the right as indicated by the amount of crushing to the rear panels and other damage. These impact forces caused the seatback to deform rearward while the recliner mechanisms held. Eventually, the severity of the rearward loading was sufficient to cause deformation and cracking of the engaging teeth between the pawl and sector on the outboard recliner.

10. Given the dearth of information in Dr. Fowler's report about the basis for his limited opinions, they should be stricken in their entirety.

11. The final ground for striking the testimony of Dr. Fowler is that it is not relevant. Dr. Fowler's expert report states that he could find no "manufacturing or metallurgical" defect. This might be potentially relevant if Plaintiffs were alleging a manufacturing defect. But they are not. Therefore, his testimony about the non-existence of a manufacturing defect is unnecessary.

12. It is anticipated that Toyota will seek to respond to this motion with the kinds of supporting information which should have been provided as part of Dr. Fowler's original report and file materials when it was first disclosed. But Toyota had a duty (and Plaintiffs had a right to rely upon Toyota's performance of that duty) to provide the necessary information regarding the basis for Dr. Fowler's expert opinions as part of its expert's designation of Dr. Fowler.

13. In fact, after Plaintiffs' expert Mr. Steve Syson included comments in his timely filed rebuttal expert report[4] describing the shortcomings of Dr. Fowler's report, Toyota wrote Plaintiffs' counsel requesting that Dr. Fowler be permitted to do additional work, including removal of the recliner mechanism (drilling out rivets), x-raying it, and analyzing the metal from which it is made.[5] This would be a destructive process, in part, and would alter the post-crash

---

[4] Exh. C: Rebuttal Report of Mr. Steve Syson, p. 8-9
[5] Exh. D: Toyota letter to Plaintiffs dated September 25, 2008

condition of the seat structure, which is a key piece of evidence to be used at trial as evidence. In addition, this testing would cause additional expense and delay. It would necessarily involve experts for both sides and the likely scheduling of two separate examinations / tests of the recliner. Because Dr. Fowler will likely have new opinions as a result of this work, additional depositions will be needed. Toyota can offer no good cause explanation for why these activities, if important to Dr. Fowler's opinions and conclusions (limited as they are), could not have been done previously in a timely fashion.

13.     If Toyota had timely filed a full and complete metallurgist's report based on sound methodology, Plaintiffs would have been able to decide at that time whether a rebuttal metallurgist would be needed. If Dr. Fowler is permitted to perform work now which he properly should have done before his report, and is permitted to testify concerning that work, Plaintiffs will be at an unfair disadvantage.

## CONCLUSION

Based upon the pleadings on file and competent evidence before the Court, the proposed expert testimony of Dr. Gary Fowler did not apply reliable methodology in arriving at his expert opinions and conclusions. It is also not relevant to the allegations in this case. Therefore, Plaintiffs' motion that his opinions and conclusions should be stricken has merit and should be granted.

Respectfully submitted,

_____
Leon R. Russell
State Bar No.: 17418500
**RUSSELL & SHIVER, LLP**
3102 Oak Lawn Avenue, Suite 600, LB 164
Dallas, Texas 75219
Phone: (214)443-0800
Fax: (214) 443-0898

And
Carl Roth
State Bar No.: 17312000
Brendan C. Roth
State Bar No.: 24040132
**THE ROTH FIRM**
P. O. Box 876
Marshall, Texas 75671
Phone: (903) 935-1665
Fax: (903) 935-1797

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he conferred with J. Karl Viehman, counsel for Toyota, regarding the merits of this Motion and he is opposed to this Motion.

_____
**Leon R. Russell**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 30th day of September, 2008. Any other counsel of record will be served by facsimile transmission and/or first class mail.

_____
**Leon R. Russell**