IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| K. DAVID WILLIAMS and <br> FATIMA K. WILLIAMS, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | CIVIL ACTION NO. |
| v. | § <br> § | 2:07cv442-TJW |
| TOYOTA MOTOR CORPORATION, <br> TOYOTA TECHNICAL CENTER, U.S.A., <br> INC., TOYOTA MOTOR ENGINEERING <br> & MANUFACTURING NORTH <br> AMERICA, INC., and TOYOTA MOTOR <br> SALES, U.S.A., INC. | § <br> § <br> § <br> § <br> § <br> § <br> § | JURY DEMANDED |

**TOYOTA'S MOTION TO STRIKE
PLAINTIFFS' EXPERT WITNESS NICK MANGO**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota"), file this Motion to Strike Plaintiffs' Expert Witness Nick Mango, and for such would respectfully show the Court as follows:

**I.
INTRODUCTION**

Plaintiffs' untimely disclosed expert witness, Nick Mango, should not be allowed to testify at the trial of this matter. Plaintiffs designated Mr. Mango, a statistician, over two months after their expert disclosure deadline had passed pursuant to the Court's Docket Control Order. Plaintiffs' attempted disclosure of Mr. Mango is obviously untimely and in violation of the Court's Docket Control Order, and Plaintiffs should consequently not be allowed to call Mr. Mango to testify at trial.

**TOYOTA'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS NICK MANGO– Page 1**

## II.
## BACKGROUND

This case arises out of an automobile accident that occurred on February 14, 2007. On that date, K. David Williams, who was driving a 1998 Toyota 4Runner, was stopped at a traffic light in the northbound lanes of South State Highway 121 Business at its intersection with East Corporate in Lewisville, Texas. Carlos Alberto Castro, who was driving a 1997 Kenworth truck with a trailer, struck Williams' 4Runner from behind, and the impact propelled Mr. Williams' 4Runner through the intersection. Williams and his wife, Fatima K. Williams, (collectively "Plaintiffs") subsequently filed suit against Toyota asserting strict liability and negligence causes of action. Specifically, Plaintiffs allege that the driver's seat in the subject 1998 Toyota 4Runner was defectively designed and that Mr. Williams was injured as a result.

On February 28, 2008, the Court entered a Docket Control Order that required Plaintiffs to disclose their expert witnesses and provide expert reports by July 14, 2008. *See* Docket Control Order, attached as Exhibit "A," at 3. On July 14, 2008, Plaintiffs served their Expert Witness Disclosures on Toyota. *See* Plaintiffs' Expert Witness Disclosures, attached as Exhibit "B," at 17. Plaintiffs designated three retained expert witnesses: Steve Irwin, Carley Ward, and Steve Syson. *Id.* at 1, 8, 11. On September 16, 2008, Plaintiffs served on Toyota their First Supplemental Expert Witness Disclosure, attached as Exhibit "C." In this Disclosure, Plaintiffs for the first time identified Nick Mango as a retained testifying expert. *Id.* at 1. Plaintiffs also for the first time produced a report prepared by Mr. Mango, which is attached as Exhibit "D." According to Plaintiffs' Supplemental Disclosure and his report, Mr. Mango is a statistician who apparently performed an analysis of automobile accident and injury information

**TOYOTA'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS NICK MANGO– Page 2**

contained in several government databases.  *See* Exs. "C" and "D."  Because Plaintiffs did not timely disclose Mr. Mango as an expert witness, Mr. Mango should not be allowed to testify at the trial of this matter.

### III.
### ARGUMENT

Plaintiffs should not be allowed to call Mr. Mango to testify at trial because his opinions were not timely or fully disclosed.  Plaintiffs were ordered to designate expert witnesses in this case by July 14, 2008.  The Court's Docket Control Order does not contain any language that provides for the designation of rebuttal expert witnesses or the disclosure of any additional expert witnesses by Plaintiffs.  Plaintiffs' attempt to untimely designate an expert witness to testify regarding a new topic is an obvious violation of the Court's Docket Control Order and should not be permitted.  Federal Rule of Civil Procedure 37(c)(1) provides, "If a party fails to provide information or **identify a witness as required by Rule 26(a)** or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial . . . ."  Here, Plaintiffs were clearly required to identify Mr. Mango as an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2) by the deadline ordered by the Court.  Plaintiffs failed to do so and cannot now be permitted to call Mr. Mango to testify at trial.

### IV.
### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. respectfully request that their Motion to Strike Plaintiffs' Expert Witness Nick Mango be granted in its entirety and that Mr. Mango not

**TOYOTA'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS NICK MANGO– Page 3**

be allowed to testify at the trial of this matter, and for such further relief, both at law and in equity, to which Toyota may show itself to be justly entitled.

                              Respectfully submitted,

                              */s/  J. Karl Viehman*
                              **KURT C. KERN – Attorney in Charge**
                              **State** Bar No. 11334600
                              **J. KARL VIEHMAN**
                              State Bar No.  20579390
                              **FRED C. HUNTSMAN**
                              State Bar No. 24041155

                              **HARTLINE, DACUS, BARGER**
                              **DREYER & KERN, L.L.P.**
                              6688 North Central Expressway, Suite 1000
                              Dallas, Texas  75206
                              (214) 369-2100
                              (214) 369-2118 (facsimile)

                              **ATTORNEYS FOR DEFENDANTS**
                              **TOYOTA MOTOR CORPORATION,**
                              **TOYOTA MOTOR SALES, U.S.A., INC., and**
                              **TOYOTA MOTOR ENGINEERING &**
                              **MANUFACTURING NORTH AMERICA, INC.**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 30th day of September 2008.

                              */s/  J. Karl Viehman*

## CERTIFICATE OF CONFERENCE

     I hereby certify that Defendants' counsel has conferred with Plaintiffs' counsel in a good faith attempt to resolve this matter without court intervention, but Plaintiffs' counsel has indicated he is opposed.

                              */s/  J. Karl Viehman*