IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| K. DAVID WILLIAMS and FATIMA K. WILLIAMS, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | 2:07cv442-TJW |
| TOYOTA MOTOR CORPORATION, TOYOTA TECHNICAL CENTER, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., and TOYOTA MOTOR SALES, U.S.A., INC. | § § § § § § § | JURY DEMANDED |

**TOYOTA'S MOTION TO LIMIT THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESSES STEVE SYSON AND CARLEY WARD**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota"), file this Motion to Limit the Testimony of Plaintiffs' Expert Witnesses Steve Syson and Carley Ward, and for such would respectfully show the Court as follows:

## I.
## INTRODUCTION

Plaintiffs' expert witnesses Steve Syson and Carley Ward should not be allowed to testify regarding the performance of the subject vehicle's seats as compared to their proposed "safer" alternative design seats since they have not conducted any valid testing to support their opinions on this topic. During the automobile accident that forms the basis of this lawsuit, Plaintiff K. David Williams was struck from behind while driving

his 1998 Toyota 4Runner. The impact resulted in Mr. Williams entering the rear seat area of the 4Runner and sustaining a spinal cord injury. Plaintiffs allege that a defect in the 4Runner's driver's seat allowed Mr. Williams to enter the rear seat area.

Although there is a dispute regarding the change in velocity experienced by the subject 4Runner during the accident, Syson admits that if the change in velocity is consistent with the calculations of Toyota's accident reconstruction expert, then his proposed alternative seat designs would not have prevented Mr. Williams' injuries. Further, neither Syson nor Ward have conducted any testing to show that the 4Runner's driver's seat would have performed any differently than Syson's proposed alternative designs even at a lower change in velocity. Without some sort of testing to support their opinions, the testimony of Syson and Ward on this issue is nothing more than unreliable speculation that is not admissible under the Federal Rules of Evidence and/or *Daubert* and its progeny. Whether a theory can or has been tested is often described as the important important *Daubert* factor, and Plaintiffs' expert witnesses simply have no testing to support their opinions in this area. Therefore, Syson's and Ward's testimony regarding the performance of the 4Runner's driver's seat as compared to the performance of the alternative design seats should be excluded.

## II.
## BACKGROUND

This case arises out of an automobile accident that occurred on February 14, 2007. On that date, K. David Williams, who was driving a 1998 Toyota 4Runner, was stopped at a traffic light in the northbound lanes of South State Highway 121 Business at its intersection with East Corporate in Lewisville, Texas. Carlos Alberto Castro, who

was driving a 1997 Kenworth truck with a trailer, struck Mr. Williams' 4Runner from behind, and the impact propelled Mr. Williams' 4Runner through the intersection.

Mr. Williams and his wife, Fatima K. Williams, (collectively "Plaintiffs") subsequently filed suit against Toyota asserting strict liability and negligence causes of action. Plaintiffs allege that the driver's seat in the subject 1998 Toyota 4Runner was defectively designed and that Mr. Williams received a severe spinal cord injury as a result. Specifically, Plaintiffs allege that the 4Runner's driver's seat collapsed during the accident, and this allowed Mr. Williams to be propelled into the rear seat area of the 4Runner. According to Plaintiffs, Mr. Williams then struck his head on the seatback of the rear seat, which caused his spinal cord injuries. Plaintiffs allege that a different design for the driver's seat would have retained Mr. Williams in the seat during the accident and not allowed him to enter the rear seat area.

To support their allegations against Toyota, Plaintiffs designated Steve Syson to testify regarding seat design issues and Carley Ward to testify regarding biomechanics. *See* Plaintiffs' Expert Witness Disclosures, attached as Exhibit "A," at 8 and 11; *see also* Report of Steve Syson, attached as Exhibit "B," and Report of Carley Ward, attached as Exhibit "C." Syson was deposed on August 22, 2008, and Ward was deposed on August 27, 2008. *See* Excerpts from the Deposition Transcript of Steven Syson, attached as Exhibit "D," and Excerpts from the Deposition Transcript of Carley Ward, attached as Exhibit "E."

According to his report and deposition testimony, Syson intends to testify at trial that certain supposedly "safer" alternative seat designs would not have allowed Mr. Williams to enter the rear seat area of the 4Runner during the subject accident, which

**TOYOTA'S MOTION TO LIMIT THE TESTIMONY OF PLAINTIFFS'**
**EXPERT WITNESSES STEVE SYSON AND CARLEY WARD– Page 3**

would have prevented his spinal cord injuries. *See* Exs. "B" at 10-12 and "D" at 59-61. Although Ward was not designated (and is not qualified) to render seat design opinions, she does intend to testify that Mr. Williams would not have received his injuries had the driver's seatback not "failed" and that certain other seat designs could have prevented him from entering the rear seat area. *See* Exs. "C" at 12 and "E" at 11-12. Neither Syson nor Ward, however, have any testing to support their opinion that an alternative seat design would have performed differently during this accident and prevented Mr. Williams from entering the rear seat area of the 4Runner.

## III.
## ARGUMENT

**A.     Standards of Admissibility for Expert Testimony**

Before they can offer expert opinion testimony at trial, the Court must determine if Syson's and Ward's opinions are reliable. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Baseless, unreliable evidence is of no assistance to the trier of fact and thus inadmissible. *See, e.g., Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 421 (5th Cir.1987) ("If an opinion is fundamentally unsupported, then it offers no expert assistance to the jury."). A witness who has "little more than his credentials and a subjective opinion" cannot provide expert testimony. *Id.* at 421-22; *see also Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 319 (7th Cir. 1996) ("An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process."). The reliability determination is made by examining whether Syson and Ward arrived at their opinions by a reliable, scientific methodology similar to that utilized by persons outside the context of litigation. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Under this analysis, expert testimony is unreliable if it is not grounded "in the methods and procedures of science" and is no more than "subjective belief or unsupported speculation." *Daubert,* 509 U.S. at 590. Expert testimony is also unreliable if the court concludes "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997); *Volkswagen of America, Inc. v. Ramirez*, 159 S.W.3d 897, 904-906 (Tex. 2004). An expert's bald assertions of validity are not enough. *See Daubert*, 509 U.S. at 590; *Viterbo*, 826 F.2d at 421. There must be objective independent validation of the expert's methodology. *See id.* In making this threshold reliability determination, the trial court may consider:

1) whether the theory has been reliably tested;
2) whether the theory has been generally accepted within the pertinent technical community;
3) whether the theory has been subjected to peer review; and
4) the known potential rate of error

*Daubert*, 509 U.S. at 593-94. These factors are properly considered in determining the admissibility of engineering testimony. *Kumho Tire*, 526 U.S. at 149-50.

**B.    Syson and Ward Have No Testing to Show that Syson's Supposedly "Safer" Alternative Design Would Have Performed Differently During the Subject Accident.**

Syson's and Ward's opinions regarding alternative design are unreliable because they have no testing to support them.[1] Valid testing is critical to establishing the reliability of an engineering opinion. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991-93 (5th Cir. 1997) (affirming the exclusion of an expert who had not tested or reviewed any testing of his proposed safer alternative design); *Tassin v. Sears, Roebuck and Co.*, 946 F.

---

[1] Ward testified that she would not be offering any opinions regarding seat design and/or safer alternative design. *See* Ex. "E" at 11 (lines 13-19) and 14 (lines 18-22). Ward also testified, however, that she might offer opinions regarding "what different seat designs may have done with respect to what -- the injury that occurred in this case." *Id.* at 11. To the extent Ward would attempt to offer opinions regarding safer alternative design, those opinions should be excluded for the reasons stated herein.

**TOYOTA'S MOTION TO LIMIT THE TESTIMONY OF PLAINTIFFS'
EXPERT WITNESSES STEVE SYSON AND CARLEY WARD– Page 5**

Supp. 1241, 1250 (M.D. La. 1996) (same); *Ramirez,* 159 S.W.3d at 904-06 (Tex. 2004) (holding an expert was properly excluded where he did not conduct or cite any testing to support his theory of how an accident occurred); *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) (excluding opinion testimony where the experts failed "to test their hypotheses in a … reliable manner ...."); *Berry v. Crown Equip. Corp.*, 108 F.Supp.2d 743, 754 (E.D. Mich. 2000) ("[W]here, as here, the proffered expert has performed no reliable testing of this theory, courts … have routinely precluded the witness from offering an expert opinion").

Here, Syson and Ward have no valid testing to support their opinions that an alternative design for the 4Runner's driver's seat would have performed differently during the subject accident. As an initial matter, it is necessary to note that there is a conflict between Plaintiffs' accident reconstruction expert, Steve Irwin, and Toyota's accident reconstruction expert, Lee Carr, regarding the change in velocity (Delta V) experienced by Mr. Williams' 4Runner during the accident. Irwin believes the Delta V for the 4Runner was approximately 25 m.p.h., whereas Carr has calculated the Delta V for the 4Runner at approximately 33 to 34 m.p.h. *See* Report of Steve Irwin, attached as Exhibit "F," at 3 and Report of Lee Carr, attached as Exhibit "G," at 8. Importantly, although Syson does not agree with Carr's Delta V calculation for the 4Runner, he does admit that if Carr's Delta V calculation is correct, then his proposed alternative seat designs would not have performed any differently during this accident and would not have prevented Mr. Williams' injuries. As Syson testified:

> Q. And if you have a 35 mile per hour Delta V, as Mr. Carr has reconstructed it in an N car seat, do you believe that the occupant in that N car seat would strike the rear seat at a velocity below ten or 11 miles per hour, or do you know?

A. I haven't done the math on that. But you know, my expectation is, if this was a 34 or 35 mile an hour Delta V, then Mr. Williams would have hit the back seat at about 30 in this seat. **So inherently, that doesn't bode well for a human being**.

\*   \*   \*

Q. If Mr. Carr's reconstruction is correct, would you expect that, even with an N car seat, that that seat would yield to such an extent that Mr. Williams would go back, would contact the seat behind him with a velocity in excess of ten or 11 miles per hour, if Mr. Carr's reconstruction is correct?

A. I would say at 34 probably. I mean you -- maybe, **even in an ABTS seat, you would still hit at ten or 11 miles an hour**. You would have to do the math on it. But it's -- you know, that makes it very difficult, from my memory, to manage the energy. You've got a lot of energy there to deal with.

Q. And I understand you don't agree with Mr. Carr's reconstruction. **But we can agree that, at some point, that you reach a level at which the seat can't manage the energy, and the occupant is going to go into the rear seat and have the risk of contacting things behind it at a velocity in excess of ten or 11 miles per hour**.

A. **Yeah.  Even with a better seat, yes**.

Q. **Even with a better seat?**

A. **Sure.**

See Ex. "D" at 56 (lines 15-24), 57 (lines 8-25), 58 (lines 1-4) (emphasis added). Ward also states that she has no opinion regarding whether Syson's proposed alternative seat designs would have prevented Mr. Williams' injury at the Delta V calculated by Carr. See Ex. "E" at 18 (lines 5-15) and 50 (lines 4-8).

Syson and Ward instead rely on the 25 m.p.h. delta V calculation provided Plaintiffs' accident reconstruction expert. See Ex. "D" at 12 (lines 22-25) and 13 (lines 1-7). Neither Syson nor Ward, however, have performed any testing on driver's seats

such as the one in the subject 4Runner to confirm whether the seat will, in fact, perform differently than Syson's proposed alternative design. *Id.* at 67 (lines 1-4) ("Q. Are you aware of Ms. Ward doing any testing on 4Runner seats?  A. Well, she hadn't as of the last time I got a list from her staff."). Their complete lack of testing renders their opinions regarding the performance of the 4Runner's driver's seat as compared to the performance of the alternative design seats unreliable. Whether an expert's theory or conclusion can be and has been tested has been described as the "most significant *Daubert* factor," and numerous cases have held that the failure to subject an expert's proffered opinion to scientific testing justifies exclusion. *Garcia v. BRK Brands, Inc.*, 266 F. Supp. 2d 566, 574 (S.D. Tex. 2003) (citing *Cummins v. Lyle Industries*, 93 F.3d 362, 368 (7th Cir. 1996) and *Brooks v. Outboard Marine Corp.*, 234 F.3d 89, 92 (2d Cir. 2000)). As the Seventh Circuit noted, even a "supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some recognized scientific method." *Clark v. Takata Corp.*, 192 F.3d 750, 759 n.5 (7th Cir. 1999); *see also Rosado v. C.J. Deters*, 5 F.3d 119, 124 (5th Cir. 1993) (holding an accident reconstruction expert was properly excluded where "he could not independently establish the necessary physical and mathematical bases for his opinion"); *Garcia*, 266 F. Supp. 2d at 577 (holding experts were properly excluded where they "have not convincingly demonstrated, nor even sought to demonstrate, that their conclusions [were not] untested hypotheses"). Without some sort of testing on the 4Runner's seats to evaluate their performance during an accident with a Delta V of 25 m.p.h., Syson and Ward cannot possible opine that the 4Runner's seats would have performed any differently than the seats identified by Syson as a "safer" alternative design. Their

testimony on this particular topic is consequently unreliable and should be excluded at the trial of this matter.

## IV.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. respectfully request that their Motion to Limit the Testimony of Plaintiffs' Expert Witnesses Steve Syson and Carley Ward be granted in its entirety; that Syson and Ward not be allowed to offer any testimony at the trial of this matter regarding the aforementioned topics; and for such further relief, both at law or in equity, to which Toyota may show itself to be justly entitled.

Respectfully submitted,

*/s/ J. Karl Viehman*
**KURT C. KERN – Attorney in Charge**
**State** Bar No. 11334600
**J. KARL VIEHMAN**
State Bar No. 20579390
**FRED C. HUNTSMAN**
State Bar No. 24041155

**HARTLINE, DACUS, BARGER DREYER & KERN, L.L.P.**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 369-2100
(214) 369-2118 (facsimile)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 30th day of September 2008.

/s/  J. Karl Viehman

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendants' counsel has conferred with Plaintiffs' counsel in a good faith attempt to resolve this matter without court intervention, but Plaintiffs' counsel has indicated he is opposed.

/s/  J. Karl Viehman