IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| K. DAVID WILLIAMS and § | | |
| FATIMA K. WILLIAMS, § | | |
| § | | |
| Plaintiffs, § | | CIVIL ACTION NO. |
| § | | |
| v. § | | 2:07cv442-TJW |
| § | | |
| TOYOTA MOTOR CORPORATION, § | | |
| TOYOTA TECHNICAL CENTER, U.S.A., § | | JURY DEMANDED |
| INC., TOYOTA MOTOR ENGINEERING § | | |
| & MANUFACTURING NORTH § | | |
| AMERICA, INC., and TOYOTA MOTOR § | | |
| SALES, U.S.A., INC. § | | |

**TOYOTA'S REPLY BRIEF IN SUPPORT OF MOTION
TO LIMIT THE TESTIMONY OF PLAINTIFFS' EXPERT
WITNESSES STEVE SYSON AND CARLEY WARD**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota"), file this Reply Brief in Support of Motion to Limit the Testimony of Plaintiffs' Expert Witnesses Steve Syson and Carley Ward, and for such would respectfully show the Court as follows:

**I.**

In their Response to Toyota's Motion to Limit the Testimony of Plaintiffs' Expert Witnesses, Plaintiffs make several questionable assertions of law and fact. First, Plaintiffs assert that testing is not required to support expert testimony. While it is true that testing is not required in every conceivable instance for expert testimony to be admissible under the *Daubert* standards, it is highly doubtful that either Plaintiffs or their

design expert would claim that an automotive seat design should be implemented without proper testing. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991-93 (5th Cir. 1997) ("This is not to say that alternative product designs must always be tested by a plaintiff's expert, but in this case, [experts for both plaintiff and defendant] acknowledged the importance of testing in design."). Plaintiffs are, in fact, basing part of their allegations against Toyota on the alleged negligent testing of the 4Runner's seats. *See* Plaintiffs' Second Amended Complaint, attached as Exhibit "A," at 5. Plaintiffs' proposed alternative automotive seat designs are no different and should be subjected to proper testing. Therefore, it is improper to suggest that proper testing is not required in this instance.

Plaintiffs then engage in a lengthy discussion regarding the basis of Syson's opinion that one of his proposed alternative seat designs would have prevented Mr. Williams' injuries in this case. What is still lacking from Plaintiffs' explanation of Syson's opinions, however, is any testing of the seat design at issue under conditions similar to the accident in question based on either side's accident reconstruction analysis. Again, without some reasonable basis to conclude the seat would have performed differently than his proposed alternative designs, Syson cannot reliably render this opinion.

Finally, Plaintiffs assert that their biomechanics expert, Carley Ward, does not need any seat testing to support her opinions since she is relying on Syson's opinions regarding seat design. It almost goes without saying, however, that Ward cannot rely on Syson's design opinions to the extent they are found to be unreliable and inadmissible. Plaintiffs also state that Ward will testify regarding "what a safer alternative design seat has to do performance-wise in order to prevent the type of injury Mr. Williams

sustained." Again, while Ward can potentially testify regarding the forces necessary to cause a particular injury to the human body, she cannot testify that any particular alternative seat design proposed by Syson would have prevented Mr. Williams' injuries in this case since neither she nor Syson have any reliable testing to support this opinion.[1]

## II.

WHEREFORE, PREMISES CONSIDERED, Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. respectfully request that their Motion to Limit the Testimony of Plaintiffs' Expert Witnesses Steve Syson and Carley Ward be granted in its entirety; that Syson and Ward not be allowed to offer any testimony at the trial of this matter regarding the aforementioned topics; and for such further relief, both at law or in equity, to which Toyota may show itself to be justly entitled.

---

[1] In their Response, Plaintiffs also include a somewhat unusual paragraph regarding the frequency with which *Daubert* motions are supposedly used by defendants in civil litigation, apparently attempting to argue that Toyota's Motion is somehow less credible because it was filed by a defendant. This argument has absolutely no relevance to the issues presented by Toyota's Motion. Further, it should be noted that both Plaintiffs and Toyota have filed exactly one *Daubert* motion each in this case.

**TOYOTA'S REPLY BRIEF IN SUPPORT OF MOTION TO LIMIT THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESSES STEVE SYSON AND CARLEY WARD– Page 3**

Respectfully submitted,

*/s/ J. Karl Viehman*
**KURT C. KERN – Attorney in Charge**
**State** Bar No. 11334600
**J. KARL VIEHMAN**
State Bar No. 20579390
**FRED C. HUNTSMAN**
State Bar No. 24041155

**HARTLINE, DACUS, BARGER DREYER & KERN, L.L.P.**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 369-2100
(214) 369-2118 (facsimile)

**ATTORNEYS FOR DEFENDANTS TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 21st day of October 2008.

*/s/ J. Karl Viehman*