IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| K. DAVID WILLIAMS and <br> FATIMA K. WILLIAMS, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| VS. | § <br> § | CIVIL ACTION NO. |
| TOYOTA MOTOR CORPORATION, LTD.; <br> TOYOTA TECHNICAL CENTER, U.S.A, INC. <br> TOYOTA MOTOR ENGINEERING & <br> MANUFACTURING NORTH AMERICA, INC.; <br> AND TOYOTA MOTOR SALES, U.S.A., INC. | § <br> § <br> § <br> § <br> § <br> § | 2-07CV-442-TJW <br><br> JURY DEMANDED |
| Defendant. | § <br> § | |

**PLAINTIFFS' REPLY TO TOYOTA'S RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. GARY FOWLER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs' file this their reply to Toyota's Response to Plaintiffs' Motion To Exclude Expert Testimony Of Dr. Gary Fowler (Docket # 89) and would show the Court as follows:

**SUMMARY**

1.  The principle support for Toyota's response is a supplement report by Dr. Fowler attached as an exhibit to Toyota's motion. The report is untimely. And even with the supplemental report, the methodological basis underlying his opinions is still unreliable and his testimony should be struck on that basis alone. But in addition, it is not relevant since it, like Dr. Fowler's original report, still focuses on a lack of metallurgical and manufacturing defects in the subject driver's seat when Plaintiffs (and Plaintiffs' expert) are not asserting a metallurgical or manufacturing defect claim, and offered to so stipulate, making Dr. Fowler's testimony irrelevant.

## BACKGROUND

2.  Toyota's Background statement is correct up to the point near the end where it mischaracterizes Mr. Syson's rebuttal report. Toyota is mistaken that Mr. Syson "for the first time criticizes the materials used in the recliner mechanism…."in his rebuttal report. Mr. Syson never does that. What he does do is take Dr. Fowler to task for failing to follow a sound methodology in arriving at his supposed metallurgical and manufacturing defect opinions regarding the subject seat. Mr. Syson points out some of the alternative possibilities and explanations for what is seen in the subject seat, none of which Dr. Fowler even discusses in his initial report. Nowhere in his rebuttal report does Mr. Syson assert that the material in the subject seat *is* too brittle, or too soft or improperly heat treated. Those are things which Dr. Fowler failed to even mention in his initial report, which Mr. Syson merely points out. This distinction has been explained to counsel for Toyota several times over to try to avoid exactly this kind of confusion.

## DISCUSSION

**Fowler's Testimony Is Unreliable**

3.  Plaintiffs showed in the motion that Dr. Fowler's work did not meet the reliability requirements of Rule 702. The work described in his supplemental report suffers from the same reliability flaw. Despite the extensive discussion of the results of various metallurgical testing on exemplar seats in Toyota's response, the simple fact remains that both Toyota's response and Dr. Fowler's supplemental report fail to include a single reference to what the metallurgical or manufacturing characteristics should be of the Toyota recliner mechanism components that were tested. There is no mention by either Toyota or Dr. Fowler of any Toyota or component supplier metallurgical specifications or requirements which the tested recliners must meet. Nor has

Toyota disclosed such requirements or specifications in this case. Therefore, while Dr. Fowler's metallurgical test findings might be academically interesting, they exist in a vacuum. They say nothing about the compliance of the tested recliners to manufacturing specifications. Testing the subject recliner will likewise not add anything to a discussion of whether a metallurgical or manufacturing defect exists in the absence of metallurgical or manufacturing specifications governing those aspects of the seat.

4.  Even assuming for the sake of argument that the exemplar seat test results are valid, the results of testing of other seats is certainly no guarantee that the same results apply to the subject seat. Therefore, Fowler has not demonstrated scientifically that his metallurgical findings from testing other seats even apply to the subject seat, or meet Toyota specifications. Thus his conclusion from the results of testing exemplar seats that the subject seat is without a metallurgical or manufacturing defect is, by itself, scientifically unsound and unreliable. As stated in Plaintiffs' motion, Dr. Fowler's opinion still appears to be based on his own subjective opinion.

5.  As stated previously, if Toyota had timely filed a full and complete metallurgist's report based on sound methodology, regarding an issue relevant to this case, Plaintiffs would have been able to decide at that time whether a rebuttal metallurgist expert would be needed. If Dr. Fowler is permitted to testify based on work which should have been done as part of his original report, upon which Plaintiffs properly relied, Plaintiffs will be at an unfair disadvantage.

**Fowler's Testimony Is Not Relevant**

6.  As already described above, the principle support for Toyota's response to Plaintiff's motion is Dr. Fowler's supplemental report, which makes its very first appearance in Toyota's response. His report is largely a discussion of the results of a number of metallurgical

examinations, some recent, some not, done by or for Dr. Fowler on exemplar seats to support his opinions about the subject seat. These metallurgical examinations were not part of Dr. Fowler's initial report dated August 11, 2008,[1] as required under Fed. R. Civ. Proc. 26(2)(B). Rather, they were included in his supplemental report dated October 15, 2008[2] which was attached as an exhibit to Toyota's response and formally disclosed to the Plaintiffs on October 20, 2008 (Dockets 92 – 94).

7. Although Toyota states that Dr. Fowler's additional work is relevant because it responds to metallurgical or manufacturing opinions offered by Mr. Syson in his rebuttal report of September 15, 2008, Mr. Syson, in fact, offered no such opinions.[3] Mr. Syson's rebuttal report merely points out the methodological shortcomings underlying Dr. Fowler's initial report opinion, which states that the subject driver's seat contained no metallurgical or manufacturing defect.

8. To the extent that Toyota might fall back on the alternative argument that this new work provides additional support for his original opinions, such work should have been disclosed as part of his initial report under the federal rules governing discovery, which Toyota insisted at the outset must apply in this case in lieu of this Court's local rules governing discovery. Fed. R. Civ. Proc. 26(2)(B) states that with regard to disclosures for experts, disclosure shall be accompanied by a written report containing "a complete statement of all opinions to be expressed *and the basis and reasons therefore, the data or other information considered by the witness in forming the opinions*, any exhibits to be used as a summary of or support for the opinions; …." (emphasis added). Admittedly, it can be difficult to capture every single piece of data or

---

[1] Exh. A: August 11, 2008 Initial Expert Report of Dr. Gary Fowler
[2] Exh. B: October 15, 2008 Supplemental Expert Report of Dr. Gary Fowler
[3] Exh. C: September 15, 2008 Rebuttal Report of Mr. Steve Syson, p. 8-9

information forming the basis of an opinion into an expert's report. But Dr. Fowler's untimely supplemental report of October 15, 2008 containing approximately thirty five pages of text, test data, metallurgical photos, and photos of exemplar seats completely overshadows his initial ten page report of August 15, 2008 which had only two pages of actual report text accompanied by photos of the subject vehicle.

9. Toyota's argument that Dr. Fowler's supplement report was in response to Mr. Syson's rebuttal report is especially suspect when it is realized that Dr. Fowler's paragraph (a) of his supplemental report relates to work done three years **before** his initial report in the subject case (i.e. testing which he did in August 2004 in the *Kurlylowicz v. Toyota Motor Corporation* case). Paragraph (b) takes a point made in his initial report and adds considerable new basis for the original statement without any explanation for why the new basis could not have been included in the original report. Although the balance of his report does relate largely to testing done after his initial report, here again, there is no explanation why such testing could not have been done and included in the original report. This is an important point because Dr. Fowler relies on this subsequent testing to make precisely the same point already made in his initial report: that there is no metallurgical or manufacturing defect in the subject vehicle. Finally, despite Toyota's statement that Dr. Fowler's supplement report was made necessary by Mr. Syson "new" manufacturing or metallurgical defect opinions, the supplemental report only references two brief statements by Mr. Syson.

10. Toyota admits in its response that the "opinions expressed by Dr. Fowler's [sic] in his [initial] report were based on his inspection of the subject 4Runner and its drivers seat and his knowledge, training, education, and experience in the field of metallurgy." As its excuse for Dr. Fowler's late supplemental report, Toyota offers that "at the time when Dr. Fowler prepared his

[initial] report, Plaintiffs and their experts had not identified any specific metallurgical defects in the 4Runner's drivers seat."[4] Even Toyota acknowledges that Plaintiffs' expert Mr. Syson asserted only a design defect in his initial report.[5] That is a correct statement of the facts then and it is still true today. Plaintiffs are not asserting a metallurgical or manufacturing defect claim and even offered to so stipulate.[6] This makes Dr. Fowler's opinions and testimony concerning the non-existence of a metallurgical or manufacturing defect in the subject vehicle completely irrelevant.

## CONCLUSION

11.   Toyota's pleadings fail to adequately answer the central issue concerning Dr. Fowler's testimony: Why Dr. Fowler's expert testimony regarding a lack of a metallurgical or manufacturing defect in the subject 4Runner's driver's seat is relevant when no such claim is being asserted by the Plaintiff. His opinions in that regard are simply not relevant. Nor are they based on reliable methodology. Therefore, his testimony should be excluded. Based upon the pleadings on file and competent evidence before the Court, Plaintiffs' motion that Dr. Fowler's opinions and conclusions should be stricken has merit and should be granted.

Respectfully submitted,

*[signature]*

Leon R. Russell
State Bar No.: 17418500
**RUSSELL & SHIVER, LLP**
3102 Oak Lawn Avenue, Suite 600, LB 164
Dallas, Texas 75219
Phone: (214)443-0800
Fax: (214) 443-0898

---

[4] Toyota's Response To Plaintiffs' Motion To Exclude Expert Testimony of Dr. Gary Fowler, p. 5
[5] Toyota's Response To Plaintiffs' Motion To Exclude Expert Testimony of Dr. Gary Fowler, p. 3
[6] Exh. D: Correspondence between the parties regarding Stipulation.

        And
Carl Roth
State Bar No.: 17312000
Brendan C. Roth
State Bar No.: 24040132
**THE ROTH FIRM**
P. O. Box 876
Marshall, Texas 75671
Phone: (903) 935-1665
Fax: (903) 935-1797

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 22nd of October, 2008. Any other counsel of record will be served by facsimile transmission and/or first class mail.

_____
**Leon R. Russell**