IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| K. DAVID WILLIAMS and FATIMA K. WILLIAMS,<br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA TECHNICAL CENTER, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA INC., and TOYOTA MOTOR SALES, U.S.A., INC.,<br>Defendants. | § § § § § § § § § § § § § § | Case No. 4:08-cv-487 |

## **VERDICT FORM**

### QUESTION ONE

*Design Defect*

Was there a design defect in the 1998 Toyota 4Runner at the time it left the possession of Toyota that was a producing cause of the occurrence or injury in question?

A "design defect" is a condition of the 1998 Toyota 4Runner that renders it unreasonably dangerous as designed, taking into consideration the utility of the 1998 Toyota 4Runner and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

"Safer alternative design" means a product design other than the one actually used that in reasonable probability—

    (1)    would have prevented or significantly reduced the risk of the injury in question without substantially impairing the product's utility; and

    (2)    was economically and technologically feasible at the time the 1998 Toyota 4Runner left the control of Toyota by the application of existing or

reasonably achievable scientific knowledge.

"Producing cause" means a cause that was a substantial factor in bringing about the injury, and without which the injury would not have occurred. There may be more than one producing cause.

You are instructed that Toyota complied with a mandatory federal safety standard or regulation existing at the time of manufacture that was applicable to the product and that governed the product risk that allegedly caused harm and, therefore, is presumed not to be liable for the injuries to the Plaintiffs. The Plaintiffs may rebut the presumption by establishing that the mandatory federal safety standard or regulations applicable to the product were inadequate to protect the public from unreasonable risks of injury or damage.

Answer "Yes" or "No."

Answer: _____No_____

If you answered "Yes" to Question No. 1, then answer Question No. 2. Otherwise, stop and do not answer any further questions. Have the foreperson date and sign the verdict form and inform the court security officer.

## QUESTION TWO

*Negligence*

Did the negligence, if any, of those named below proximately cause the occurrence or injury in question?

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Answer Yes or No for each of the following:

a.  K. David Williams:                          _____

b.  Carlos Castro/Rivera Trucking:             _____

## QUESTION THREE

If you have answered "Yes" to Question Nos. 1 and 2 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused the occurrence or injury in question. The percentages you find must total 100%. The percentages must be expressed in whole numbers. The percentage of causation attributable to a person or product is not necessarily measured by the number of acts, omissions, or product defects found.

For each person or entity named below found by you to have caused the occurrence or injury, find the percentage of responsibility attributable to each:

a. Toyota: _____%

b. K. David Williams: _____%

c. Carlos Castro/Rivera Trucking: _____%

TOTAL   =   100%

## QUESTION FOUR

Answer Question No. 4 if you answered "Yes" to Question No. 1. Otherwise, do not answer Question No. 4.

What sum of money, if paid now in cash, would fairly and reasonably compensate K. David Williams for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of K. David Williams.

a.  Physical pain and mental anguish sustained in the past.

Answer: _____

b.  Physical pain and mental anguish that, in reasonable probability, K. David Williams will sustain in the future.

Answer: _____

c.  Physical impairment sustained in the past.

Answer: _____

d.  Physical impairment that, in reasonable probability, K. David Williams will sustain in the future.

Answer: _____

e.  Disfigurement sustained in the past.

Answer: _____

f. Disfigurement that, in reasonable probability, K. David Williams will sustain in the future.

Answer: _____

g. Medical care expenses incurred in the past.

Answer: _____

h. Medical care expenses that, in reasonable probability, K. David Williams will incur in the future.

Answer: _____

i. Loss of earning capacity sustained in the past.

Answer: _____

j. Loss of earning capacity that, in reasonable probability, K. David Williams will sustain in the future.

Answer: _____

## QUESTION FIVE

Answer Question No. 5 if you answered "Yes" to Question No. 1. Otherwise, do not answer Question No. 5.

What sum of money, if paid now in cash, would fairly and reasonably compensate Fatima Williams for injuries, if any, to her husband, K. David Williams, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of K. David Williams.

a.  Loss of household services sustained in the past.

"Household services" means the performance of household and domestic duties by a spouse to the marriage.

Answer: _____

b.  Loss of household services that, in reasonable probability, Fatima K. Williams will sustain in the future.

Answer: _____

c.  Loss of consortium sustained in the past.

"Consortium" means the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity

necessary to a successful marriage.

Answer: _____

d.  Loss of consortium that, in reasonable probability, Fatima K. Williams will sustain in the future.

Answer: _____

_8/10/2009_
Date

_____ /s/ _____
Foreperson